UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GUY BAKER,

    Petitioner,

v.

DAVE DAVEY,

    Respondent.

No. 2:15-cv-793-EFB P

ORDER

    Petitioner, a state prisoner proceeding without counsel, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  His petition was dismissed as second or successive and judgment was duly entered.  ECF Nos. 5, 6.  He now moves to vacate the judgment.  ECF No. 7.

    Reconsideration is appropriate if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Additionally, Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that,

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Petitioner argues that if he amends his petition to delete ground three of the original petition, his petition will no longer be second or successive. The argument lacks merit. Claims one and two of the proposed amended petition still challenge the same judgment of conviction that petitioner challenged in an earlier action. Since petitioner continues to challenge the same judgment that he previously challenged in this court, and which was adjudicated on the merits, the petition remains second or successive. Thus, petitioner has not shown that circumstances exist to justify the requested relief.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to vacate the judgment (ECF No. 7) is denied. Petitioner is hereby reminded that the court will not respond to future filings in this action that are not authorized by the Federal Rules of Civil Procedure or the Federal Rules of Appellate Procedure.

DATED: June 29, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE